(12 Misc. Rep. 570.)

### BRENNAN v. BROOKLYN HEIGHTS R. CO.

(City Court of Brooklyn, General Term. May 27, 1895.)

STREET RAILROADS—INJURY TO PASSENGER.

In an action for injuries to plaintiff while a passenger on defendant's electric car, plaintiff claimed that, while he was sitting in a seat facing toward the front of the car, it suddenly gave a jerk, and threw him off. *Held*, that such evidence was not sufficient to charge defendant with negligence, as the natural result of a sudden start would be, not to throw plaintiff off, unless he was sitting in a careless manner, but to throw him against the back of the seat on which he was sitting.

Appeal from trial term.

Action by Rodger Brennan against the Brooklyn Heights Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Morris & Whitehouse, for appellant.

Ayres & Walker, for respondent.

CLEMENT, C. J. The plaintiff claimed at the trial of this action that, when a passenger on an open car of the defendant, he was thrown off by a sudden "jerk" or movement of the car. The defendant offered evidence tending to show that the plaintiff was intoxicated, and, while sleeping, fell off the car. The case was submitted to the jury, to determine whether the plaintiff was thrown off by reason of a violent and unusual movement of the car, caused by the sudden increase of electric power by the motorman, or whether the plaintiff lost his balance and fell off when the car was operated in the usual and ordinary way. The jury rendered a verdict in favor of the plaintiff, and substantially the only point in the case is whether or not the verdict, on the facts, can be upheld.

It is a well-known fact that in the operation of electric cars, there are sudden movements, which are incident thereto. Of the usual and necessary movements of a car, though sudden, the passenger takes the risk. It is proper, therefore, to examine the testimony of

the plaintiff and his witness Grogan, which the jury believed, as is shown by their verdict. Brennan testified:

"The accident happened near Sixth avenue, after crossing Bergen street. Just before the accident happened the car was going at a very nice rate of speed, until he came to the track, and then he slackened up, and it went smooth. Q. What track do you mean? A. Flatbush avenue,—Bergen street track; across that track. He slackened up going over that, and it went on a smooth gait, and all of a sudden it doubled its speed. He give a jerk like that. Give a kind of a rough jerk. The jerk went right at the front. I was sitting like that, forward. I was just sitting like that, talking to my friend in front about to-morrow day's work, and the car gave a jerk like that, and he threw me back and out. There was no guard rail, nor nothing. I mean what they have,—straps or cord. There was no guard at the side of the car. Q. What effect did the jerk have on you? A. Well, sir, it had a very hard effect on me. When the car jerked, I was thrown out of the car by the jerk,— a very heavy jerk, too. I fell right on top of my head there."

Grogan gave testimony as follows:

"Q. Where were you with him about nine o'clock or ten o'clock in the evening? A. We were on our way home to Flatlands, on the Flatbush avenue car. We took the Flatbush avenue car at Duffield street and Fulton. It was an open car, with seats across, and facing both ways. Brennan occupied the last seat facing the motorman, next to the conductor,—the last seat next to the conductor. I occupied the one right in front of Mr. Brennan. I was facing Brennan then, and Brennan was facing me. I recollect about the time the car was passing Bergen street. Q. About how was the car going when it was passing over the Bergen street tracks? A. It was going in a moderate rate. After it had crossed the Bergen street tracks, and was going on a little ways, the car give a sudden plunge forward. The car started up very sudden at a fast speed, and Mr. Brennan fell off. Q. What was Mr. Brennan's position at the time the car made the movement you have described. A. He sat something like this, talking to me; and it threw him right out of the car. The car pitched forward like that. It started up faster. It was a violent jerk. It was going slowly, and the car give a violent jerk, and it throwed me forward, and throwed Mr. Brennan out. I tried to catch a hold of him, and he was too heavy for me, and I had to let go."

After a careful examination of the testimony given by the plaintiff and Grogan, we are satisfied that the plaintiff could not have been thrown off by reason of the sudden start of the car, unless he was sitting on the seat in a careless way. If he was sitting in a safe position, it would be impossible for a sudden forward movement of the car to throw him to the side and into the street. The forward motion of the car, if quick and violent, should, according to the laws of nature, have thrown the plaintiff towards the rear of the car, and the back of the seat would prevent him from falling. The use, on the trial, of the words "jerk," "sudden plunge," and "rough jerk," by the plaintiff and Grogan, does not show that the car was operated in an unsafe way. The sudden start of the car was substantially all the two witnesses knew as to the cause of plaintiff's fall, for they sat in the rear of the car, and Grogan had his back to the motorman. It is an every-day occurrence for electric cars to slow down while crossing intersecting tracks, and, as soon as they are over, to put on speed again. The motion of the car, when speed is again put on, is, to a certain extent, accompanied by a jerk. We have hesitated to reverse the judgment in this case for the reason that the jury decided the facts in favor of the plaintiff, and yet it is the duty of the general term, on an appeal from an order denying new trial, to con-

sider the facts, and, if a verdict not just has been rendered by the jury, to set the same aside.

Judgment and order denying new trial reversed, and a new trial granted; costs to abide the event.